

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Tom McMurrey
County Attorney
Wise County
Decatur, Texas

Dear Sir:

Opinion No. 0-6923
Re: Whether or not County Super-
intendent of Public Instruction,
elected to such office at the
next general election after his
appointment to fill vacancy there-
in, was elected for a full four
year term.

We have received your recent request for an opin-
ion on the above subject.

Article 2688, Vernon's Annotated Civil Statutes
of Texas, provides, in part, that "The Commissioners Court
of every county having three thousand (3,000) scholastic
population or more as shown by the preceding scholastic
census, shall at a General Election provide for the election
of a County Superintendent to serve for a term of four (4)
years, . . . ."

Article 2355, Vernon's Annotated Civil Statutes
of Texas, provides as follows:

"The court shall have power to fill vacan-
cies in the office of: County Judge, County
Clerk, Sheriff, County Attorney, County Treasurer,
County Surveyor, County Hide Inspector, Assessor
of Taxes, Collection of Taxes, Justices of the
Peace, Constables, and County Superintendent of
Public Instruction. Such vacancies shall be
filled by a majority vote of the members of said
Court, present and voting, and the person chosen
shall hold office until the next general election."
(Underscoring ours)

Honorable Tom McMurray, page 2

Section 27 of Article 16 of the Texas State Constitution provides as follows:

"In all elections to fill vacancies of office in this State, it shall be to fill the unexpired term only."

In the case of Hicks v. Curl et al., 86 S. W. 368, (Civ. App. - error refused) wherein an appointment was made by the Governor to fill a vacancy in the district judge's office, and at the next general election said appointee was duly elected to said office, both such appointment and election occurring during the four year term of the original incumbent who caused the vacancy and prior to the year in which said term would have expired if no vacancy occurred, and the question arose as to whether the district judge so appointed was elected for a new four year term or merely for the unexpired portion of the term of the original incumbent who caused the vacancy, the court held, in substance, that, in view of the constitutional provisions (Sec. 28 of Art. 5, providing for filling of such vacancies by the Governor until the next succeeding general election, and Sec. 27 of Article 16, providing as shown hereinbefore) that such election was to further fill the vacancy in said office, and that said appointee was elected to fill only the unexpired term of the original incumbent causing the vacancy - that is, until the general election when the original incumbent's term would have expired if no vacancy had occurred.

This being the law, we are constrained to hold that if such County Superintendent of Public Instruction were elected during the term of office for which the predecessor was elected to hold, and such election being held prior to the year in which said predecessor's term would have expired if no vacancy had occurred, then said County Superintendent would be elected only for the unexpired portion of said predecessor's term; on the other hand, if said County Superintendent of Public Instruction were elected during the year in which said predecessor's term would have expired if no vacancy had occurred, then such Superintendent would be elected for a full four year term as provided by said Art. 2688, supra. For illustration: if A were elected for a

Honorable Tom McMurray, page 3

four year term beginning with the year 1941 and ending with the year 1944, and A resigned or otherwise a vacancy was created in such office in 1942 before the general election and B were duly appointed thereto and elected in the general election of 1942, then B would be elected only for the unexpired term of A, i. e., B's term would expire with the year 1944; however, if B were appointed to fill a vacancy in A's office after the general election of 1942, and B were elected to such office at the next general election in 1944, then B would be elected for a full four year term beginning January 1, 1945.

Not having all the necessary facts before us for a categorical determination of your question, we trust this will enable you to apply the law herein given to your own particular fact situation.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert L. Lattimore

Robert L. Lattimore, Jr.,
Assistant

PLL:zd

APPROVED NOV 27 1945

APPROVED STATE GENERAL

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN